CHAUNCEY W. GRIGGS *et al. vs.* JOSEPH EDELBROCK *et al.*

Submitted on briefs Nov. 12, 1894. Affirmed Dec. 21, 1894.

Nos. 9147, 9148.

**Notice of trial not avoided by subsequent amendment of the pleadings.**

"Any pleading may be once amended by the party, of course, * * * without prejudice to the proceedings already had, at any time before the period for answering it expires." 1878, G: S. ch. 66, § 123. The defendants served their answer by mail, to which the plaintiffs replied, and served notice of trial. Subsequently, and within forty days from the service of their original answer, the defendants served an amended answer, to which the plaintiffs also replied. *Held* that, conceding, without deciding,

that defendants had the full period of forty days in which to amend their answer, of course, yet their doing so did not annul plaintiffs' previous notice of trial, but that the case stood for trial, subject to the power of the court to continue it for cause.

Appeal by defendants, Joseph Edelbrock, William F. Edelbrock, Joseph J. Howe, and Joseph J. Howe, Jr., from an order of the District Court of Stearns County, *D. B. Searle*, J., made February 28, 1894, denying their motion for a new trial.

The plaintiffs, Chauncey M. Griggs, C. Milton Griggs, David C. Shepard and Jason W. Cooper, wholesale merchants of St. Paul, brought this action September 26, 1893, upon a promissory note for $800 made by defendants, retail merchants of St. Cloud. The note was dated February 20, 1893, due four months thereafter with interest. Defendants answered that this note and two others were given in settlement of a balance due for goods sold and delivered to them by plaintiffs, that the goods were warranted by plaintiffs to be sound and merchantable, but were not, and claiming damages. This answer was served by mail on October 16, 1893. Plaintiffs replied October 25, 1893. They served notice of trial November 22, 1893, for the general term of the District Court commencing December 4, 1893, and filed a note of issue and the action was placed upon the calendar for jury trial at that term. Defendants amended their answer and served a copy November 25, 1893. Plaintiffs replied December 4, 1893. On the preliminary call of the calendar defendants on proof of these facts moved the court to strike the case from the calendar. The motion was denied. When the cause was reached for trial defendants did not appear. Plaintiffs waived a jury, submitted their proofs and obtained findings of fact and conclusions of law ordering judgment for plaintiffs for the amount of the note and interest. Defendants made a case showing these facts, and it was settled, signed and filed. On it they moved to set aside the trial and findings for irregularity in the proceedings of the court in refusing to strike the case from the calendar, whereby defendants were prevented from having a fair trial. The motion was denied and they appeal.

*James A. Martin*, and *Bruckart & Brower*, for appellants, cited *Washburn* v. *Herrick*, 4 How. Pr. 15.

*Morphy, Ewing, Gilbert & Ewing,* for respondents, cited *Stevens* v. *Currey,* 10 Minn. 316; *Allis* v. *Day,* 14 Minn. 516; *Ostrander* v. *Conkey,* 20 Hun, 421; *Welch* v. *Preston,* 58 How. Pr. 52; *Plumb* v. *Whipples,* 7 How. Pr. 411; *Toomey* v. *Andrews,* 48 How. Pr. 332.

MITCHELL, J. The history of the proceedings in this action is as follows: September 27th and October 5th, summons served personally. October 16th, answers served by mail. October 25th, replies served personally. November 22d, plaintiffs served notice of trial for a term of court commencing December 4th. November 25th, amended answers served by mail. December 4th, replies to amended answers served personally.

On the first day of the term, defendants moved to strike the cause from the calendar "because, subsequent to the notice of trial, amended answers had been served, to which replies had been interposed which raised a new issue, and hence the cause was not at issue when the notice of trial was served." The motion was denied, and when the cause was reached on the calendar a trial was had (defendants not appearing), which resulted in findings for plaintiffs. The defendants moved for a new trial, but were refused and they appeal. Their contention is that, having served their original answers by mail, the plaintiffs had forty days in which to reply, and therefore, under 1878 G. S. ch. 66, § 123, they had forty days, as a matter of absolute right, in which to amend their answers, and that the effect of their serving amended answers within that time was to annul or destroy the previous notice of trial, because the case was "not at issue" when the notice was served. If this is the proper construction of the statute, a more effectual scheme to aid and encourage merely dilatory tactics could not well be devised, for by serving his answer by mail a defendant could secure double time in which to amend, although the provision of statute giving double time, where service is by mail, was designed exclusively for the benefit of the party served.

Section 123 reads as follows: "Any pleading may be once amended by the party, of course, without costs, and *without prejudice to the proceedings already had,* at any time before the period for answering it expires; or, *if it does not delay the trial,* it may be so

amended at any time within twenty days after the service of the answer, demurrer or reply to such pleading."

Although this statute, in its present form (except the here immaterial amendments of 1852 and 1867), has been in force in this state ever since the adoption of the Code, in 1851, yet it does not appear to have received any settled uniform construction from the courts. It seems to have been substantially modeled after the New York Code of 1851. How much difficulty they have found in that state in formulating a satisfactory statute on the subject will be seen by examining, in order, the Code of 1848, the amended Codes of 1849 and of 1851, and the amendments of 1859 and of 1877 (enacted in 1876), in which last-named year their statute assumed the form in which it still obtains. In addition to the construction contended for by defendants, the following have been suggested: First, that the right to amend a pleading of course terminates when the answer to it (including reply and demurrer) is in fact served, whether the party serving it has taken his full time or not,—in other words, that the time for answering expires, within the meaning of the statute, whenever the answer is in fact served, and that thereafter the only right of amendment is under the second clause of the section. Another construction suggested is that inasmuch as the provision of 1878 G. S. ch. 66, § 76, that in case of service by mail the time of service shall be double that required in case of personal service, is intended exclusively for the benefit of the party upon whom such service is made, therefore a party cannot extend his time for amending by serving his pleading by mail; that, as to him, and within the meaning of section 123, the "period for answering" expires in twenty days, the same as if he had served his pleading personally.

But we have no occasion here to decide which of these constructions is the correct one, for, even assuming that defendants had forty days in which to serve amended answers, the fact that they exercised that right did not annul or render nugatory the prior notice of trial, or constitute any ground for striking the cause from the calendar. The notice of trial was rightfully served, for the cause was then at issue. It is true, those issues were liable to be changed by the service of amended answers, but the statute expressly provides that such amendment shall be "without prejudice

to proceedings already had." Hence we are of opinion that, notwithstanding the service of the amended answers, the cause was properly on the calendar, and stood for trial, subject, of course, to the power of the court to continue for cause.

Order affirmed.

(Opinion published 61 N. W. 555.)